UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICKY LEE COOK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:09-0786 |
| ) | Judge Echols |
| **JAMES HUNTER ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a pre-trial detainee in the Sumner County Detention Center in Gallatin, Tennessee. The plaintiff brings this action under 42 U.S.C. § 1983 against the following defendants: (1) James Hunter, General Sessions Judge, Division I; (2) Dee Gay, Criminal Court Judge, 18th Judicial District; and (3) William Lamberth, Assistant District Attorney (ADA), 18th Judicial District.

The plaintiff alleges numerous irregularities pertaining to his pre-trial incarceration, and the criminal action pending against him in state court. (Docket Entry No. 1, ¶ IV, Attach. Doc., pp. 1-3). The plaintiff also alleges that "Court Officer Mr. Jones" used excessive force against him after a plea hearing. (Docket Entry No. 1, ¶ IV, Attach. Doc., pp. 3-4).

### II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*,

436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

This is the third time in less than six (6) months that the plaintiff has brought an action challenging the circumstances of his pre-trial incarceration and/or the state criminal action pending against him. *Cook v. Gay, et al.*, 3:09-0284 (M.D. Tenn. Mar. 25, 2009)(Trauger, J.); *Cook v. Lamberth, et al*, No. 3:09-0434 (M.D. Tenn. May 15, 2009)(Campbell, J.). The plaintiff named Judge Gay and ADA Lamberth as defendants in both of those prior cases.

The plaintiff's two prior cases were dismissed pursuant to the abstention doctrine. (Case No. 3:09-0284, Docket Entry Nos. 4-5; Case No. 3:09-0434, Docket Entry Nos. 4-5). In both instances, the district judges explained that, under the abstention doctrine, the district court may not

2

intervene in ongoing state criminal actions. Having twice before had the abstention doctrine explained to him, the Court can only conclude that the plaintiff is challenging the circumstances of his pre-trial incarceration, and state criminal action pending against him, for malicious reasons, *i.e.*, to harass the Court, the consequence of which wastes scarce judicial resources.

As to the plaintiff's excessive-force claim, the plaintiff does not identify the "Court Officer Mr. Jones" as a defendant in the style of the case, nor does the plaintiff name him as a defendant in the body of the complaint where the defendants are named. Consequently, "Court Officer Mr. Jones" is not a party to this action.

### III.  CONCLUSION

For the reasons explained herein, the complaint will be dismissed as malicious, and for failure to state a claim on which relief may be granted. Dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

An appropriate Order will be entered.

                                  Robert L. Echols
                                  United States District Judge

3